**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADRIAN ESTRADA, ALFREDO | ) | |
| JUAREZ, MIGUEL A. CAMPOS, | ) | |
| MIGUEL A. SANCHEZ, ROGELIO C. | ) | |
| REYNOSO on behalf of themselves and | ) | |
| other similarly situated persons, known | ) | |
| and unknown, | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | Judge |
| | ) | |
| v. | ) | |
| | ) | |
| TOMMY'S REDHOTS, INC. | ) | |
| TOMMY'S/LAKE IN THE HILLS, LTD. | ) | |
| TOMMY'S/MCHENRY, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs Adrian Estrada, Alfredo Juarez, Miguel A. Campos, Miguel A. Sanchez, and Rogelio C. Reynoso, (hereafter "Plaintiffs") on behalf of themselves and all other similarly situated employees, known and unknown, through their attorneys, for their Complaint against Defendants Tommy's Redhots, Inc., Tommy's/Lake in the Hills, Ltd., and Tommy's McHenry Ltd., (hereafter "Defendants") state as follows:

## I.      NATURE OF THE CASE

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's: 1) failure to pay overtime wages to Plaintiffs and similarly situated employees in violation of the FLSA and the IMWL. Defendant's unlawful compensation practices have had the effect of denying Plaintiffs and other similarly situated employees their earned and living wages and 2) the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA")

1

and 3) Retaliation under the FLSA and IWPCA. For the claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b). For claims arising under the IMWL, Plaintiff seeks to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## II.    JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.  Venue is proper in this judicial district as a substantial part of the facts and events giving rise to Plaintiffs' claims occurred within this judicial district.

## III.    PARTIES

**Plaintiff**

3.     During the course of their employment, each Plaintiff:

    a.   handled goods that moved in interstate commerce;

    b.   Was an "employee" of Defendants as that term is defined by the FLSA, the IMWL, and IWPCA;

    c.   Has resided in and been domiciled in the state of Illinois;

**Defendants**

4.     Within the relevant time period, Defendant Tommy's Redhots, Inc.:

    a.   Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

    b.   Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the

2

production of goods for commerce, within the meaning of Section 3(s)(1)(A);

c.  Has had two or more employees that have handled goods that have moved in interstate commerce;

d.  Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*., and IWPCA 820 ILCS 115/1 *et seq*.

5.  Within the relevant time period, Defendant Tommy's/Lake in the Hills Ltd.:

a.  Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

b.  Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

c.  Has had two or more employees that have handled goods that have moved in interstate commerce;

d.  Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*., and IWPCA 820 ILCS 115/1 *et seq*.

6.  Within the relevant time period, Defendant Tommy's/McHenry Ltd.:

a.  Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

3

b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

c. Has had two or more employees that have handled goods that have moved in interstate commerce;

d. Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*., and IWPCA 820 ILCS 115/1 *et seq*.

**FACTUAL BACKGROUND**

7.      Within the relevant time period Plaintiffs were employed by Defendants to work an hourly position at one or more of the restaurants operated by Defendants.

8.      Plaintiff Estrada worked for Defendants from approximately, the year 2000 through approximately May of 2016.

9.      Throughout his employment Plaintiff Estrada worked at Defendants' restaurants in Crystal Lake, Illinois, Lake in the Hills, Illinois, Woodstock, Illinois, and McHenry, Illinois.

10.      Plaintiff Juarez has worked for Defendants from approximately the year 1997 through June 2016.

11.      Throughout his employment Plaintiff Juarez worked at Defendants' restaurants in Crystal Lake, Illinois, Lake in the Hills, Illinois, Woodstock, Illinois, and McHenry, Illinois.

12.      Plaintiff Campos worked for Defendants from approximately the year 1999 through approximately May 2016.

13.      Throughout his employment Plaintiff Campos worked at Defendants' restaurants in Crystal Lake, Illinois and Woodstock, Illinois.

4

14.    Plaintiff Sanchez has worked for Defendants from approximately the year 2006 through the present.

15.    Throughout his employment Plaintiff Sanchez worked at Defendants' restaurants in McHenry, Illinois, and Woodstock, Illinois.

16.    Plaintiff Reynoso has worked for Defendants from approximately November 2003 through the present.

17.    Throughout his employment Plaintiff Reynoso worked at Defendants' restaurants in Crystal Lake, Illinois, Woodstock, Illinois, Lake in the Hills, and McHenry, Illinois.

18.    At any given time Plaintiffs could and were in fact called upon to work at multiple of Defendants' locations in any given work week.

19.    Plaintiffs' did in fact work at multiple of Defendants' locations during individual work weeks.

20.    Defendants' time keeping and compensation practices under which Plaintiffs' claims arise, however, were the same at any of the locations that Plaintiffs' worked at.

21.    Defendants Tommy's Redhots, Inc., Tommy's/Lake in the Hills Ltd., and Tommy's/McHenry Ltd., are commonly owned by Thomas Grieco and operate as a unified operation.

22.    Defendants Tommy's Redhots, Inc., Tommy's/Lake in the Hills Ltd., and Tommy's/McHenry Ltd., and possibly other entities operating a Tommy's Redhots restaurant, have shared common human resources, including but not limited to employees, managers and payroll services during the relevant time period.

23.    Defendants Tommy's Redhots, Inc., Tommy's/Lake in the Hills Ltd., and Tommy's/McHenry Ltd. shared control over Plaintiffs' and other similarly situated employees' employment.

24. Defendants Tommy's Redhots, Inc., Tommy's/Lake in the Hills Ltd., and Tommy's/McHenry Ltd. were Plaintiffs' and similarly situated employees' joint employers and operated a single entity employing Plaintiffs.

25. Within the three years prior to the filing of this lawsuit, Defendant regularly directed Plaintiffs and similarly situated hourly employees to work in excess of forty hours.

26. Plaintiffs regularly worked in excess of forty hours per week throughout their employment.

27. Throughout Plaintiffs' employment, Defendant regularly failed to pay Plaintiffs at at time and half Plaintiffs' regular rate.

28. Rather, Defendants regularly compensated Plaintiffs at their regular rate of pay for all time worked, including all time worked in excess of forty per week, throughout their employment.

29. Likewise other similarly situated hourly employees of Defendant were not compensated at time and a half their regular rate for all time worked in excess of forty per week.

30. Defendants' failure to compensate Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours per week at time and a half Plaintiffs' regular rate of pay violated the overtime requirements of the FLSA and the IMWL.

31. A Class Action lawsuit was filed against Defendants in this district on September 12, 2014. *See* Case No. 2014 CV 07144. That matter was recently resolved as to the named Plaintiffs in that matter on an individual basis. Pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, (1974), Plaintiffs will now seek to certify a Class composed of all hourly employees who have been employed by Defendant in an hourly position since September 14, 2011 up through and including the date of filing of this lawsuit.

32. Adrian Estrada was terminated in May 2016.

6

33.     As of the date of filing Estrada has not been paid his last paycheck upon termination by Defendants.

34.     On or about June 25, 2016 Plaintiff Alfredo Juarez was asked by Defendants to sign an affidavit stating that he had been paid properly.

35.     Signing the affidavit was a condition of Juarez receiving his pay that week.

36.     Juarez refused to sign the affidavit as it was untrue.

37.     Subsequent to his refusal, Juarez did not receive his pay that week and to date has not received his final pay.

38.     Subsequent to his refusal, Juarez was also terminated.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs will seek to certify as a class action pursuant to FRCP Rule 23 their state law claims arising under the IMWL for overtime wages (Count II). Plaintiffs will ask the Court to determine the rights of the parties pursuant to that statute and to direct Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

40.     Counts II, is brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

   a.     The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed in excess of sixty (60) individuals as hourly employees during the IMWL, Class Period.

   b.     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only

7

individual members. These common questions of fact and law include, without limitation:

    i.    Whether Defendant failed to pay Plaintiffs and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

c.    The class representatives and the members of the class have been equally affected by Defendants's failure to pay overtime wages.

d.    Members of the class will be reluctant to bring forth claims for unpaid wage violations for fear of retaliation.

e.    The class representatives, class members, and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendant, and the Court.

41.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the Fair Labor Standards Act- Overtime Wages**
*Section 216(b) Collective Action*

42.    Plaintiffs incorporate and re-allege paragraphs 1 through 41 of this Complaint, as though set forth herein.

43.    The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

44.     Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

45.     Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked.

46.     Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

47.     Defendants violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

48.     Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.     A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C.     Liquidated damages in the amount equal to the unpaid overtime wages;

D.     That the Court declare that Defendants have violated the FLSA;

E.     That the Court enjoin Defendants from violating the FLSA;

F.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

**COUNT II**

**Violation of the Illinois Minimum Wage Law- Overtime Wages**
*Plaintiffs on behalf of themselves and similarly situated employees*

49.    Plaintiffs incorporate and re-allege paragraphs 1 through 48 of this Complaint, as though set forth herein.

50.    The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the IMWL.

51.    Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

52.    Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half her regular rate for all time worked

53.    Plaintiffs and similarly situated employees were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

54.    Defendants violated the IMWL by failing to compensate Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiff's regular rate of pay.

55.    Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

56.    The Class that Plaintiffs seek to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendants in an hourly position since September 12, 2011 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment in the amount of all overtime wages due to Plaintiffs and the Class as provided by the IMWL;

C.    Statutory damages for Plaintiffs and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    That the Court declare that Defendants have violated the IMWL;

E.    That the Court enjoin Defendants from violating the IMWL

F.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the IWPCA – Unpaid Wages and Reduction in Pay
### (Plaintiff Alfredo Juarez and Adrian Estrada)

57.    Plaintiffs incorporate and re-allege paragraphs 1 through 56 as though set forth herein.

58.    This Count arises from Defendants' violation of the IWPCA for their failure to pay Juarez earned wages for all time worked at the rate agreed to by the parties, described more fully in paragraph 32-38, *supra*.

59.    During the course of their employment, Estrada and Juarez had an agreement with Defendants to be compensated for all hours worked at the rate agreed to by the parties.

60.    Defendants did not compensate Juarez and Estrada for all hours worked at the rate agreed to by the parties.

61.    Juarez and Estrada were entitled to be paid for all time worked at the rate agreed to by the parties.

62.    Defendants failed to pay Juarez and Estrada their final compensation upon termination.

63.     Defendants' failure to pay Juarez and Estrada for all time worked at the rate agreed to by the parties violated the IWPCA.

64.     Defendants' failure to pay Juarez and Estrada their final compensation violated the IWPCA.

65.     Plaintiffs are entitled to recover owed wages for a period of ten (10) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiffs Juarez and Estrada pray for a judgment against Defendants as follows:

A.  A judgment in the amount of all earned wages due Plaintiff as provided by the IWPCA;

B.  Statutory damages as provided by the IWPCA;

C.  That the Court declare that Defendants violated the IWPCA;

D.  That the Court enjoin Defendants from continuing to violate the IWPCA;

E.  Reasonable attorneys' fees and costs as provided by the IWPCA;

F.  Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**FLSA Retaliation**
**(Plaintiff Alfredo Juarez)**

66.     Plaintiffs incorporate and re-allege paragraphs 1 through 65 as though set forth herein.

67.     This Count arises from Defendants' violation of the FLSA and IMWL for retaliating against Plaintiff Juarez, described more fully in paragraph 32-36, *supra*.

68.     On or about June 25, 2016, Defendants' required Juarez to sign an affidavit in order to receive his paycheck for wages earned in the previous pay period.

69.     Juarez did not believe that the affidavit accurately depicted true facts he could attest to under oath.

70.     He refused to sign the affidavit.

71.     As a result of that refusal, the Defendants' refused to pay Juarez his pay check for that pay period.

72.     As a result of that refusal, Defendants' terminated Juarez.

73.     Defendants' refusals violated the FLSA.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.  A judgment in the amount of such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA;

B.  That the Court declares that Defendant retaliated against Plaintiffs Bailey and Tucker in violation of Section 15(a)(3) of the FLSA;

C.  Reasonable attorneys' fees and costs of this action as provided for by the FLSA;

D.  Such other and further relief as this Court deems appropriate and just.

### COUNT V
**Violation of the Illinois Wage Payment and Collection Act – Retaliation**
**Plaintiff Alfredo Juarez**

74.     Plaintiffs incorporate and re-allege paragraphs 1 through 73 as though set forth herein.

75.     This Count arises from Defendants' violation of the FLSA and IMWL for retaliating against Plaintiff Juarez, described more fully in paragraph 32-36, *supra*.

76.     On or about June 25, 2016, Defendants' required Juarez to sign an affidavit in order to receive his paycheck for wages earned in the previous pay period.

77.     Juarez did not believe that the affidavit accurately depicted true facts he could attest to under oath.

78.     Juarez refused to sign the affidavit.

79.     As a result of that refusal, the Defendants' refused to pay Juarez his pay check for that pay period.

80.     As a result of that refusal, Defendants' terminated Juarez.

81.     Pursuant to Section 14(c) of the IWPCA, it is unlawful to discharge or in any other manner discriminate against employees because such employees have made a complaint to their employer or a community organization or filed a Complaint under or related to the IWPCA.

82.     Defendant's retaliatory acts against Plaintiffs Bailey and Tucker after the filing of the Complaint were in violation of Section 14(c) of the IWPCA.

83.     Plaintiff Juarez is entitled to recover such legal or equitable relief as may be appropriate to effectuate the purposes of Section 14(c) of the IWPCA.

WHEREFORE, Plaintiff Juarez prays for judgment against Defendants as follows:

A.     A judgment in the amount of such legal or equitable relief as may be appropriate to effectuate the purposes of Section 14(c) of the IWPCA;

B.     That the Court declares that Defendants retaliated against Plaintiff Juarez in violation of Section 14(c) of the IWPCA;

C.     Reasonable attorneys' fees and costs of this action as provided for by the IWPCA;

D.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 8, 2016

s/Neil Kelley
Neil Kelley
Christopher J. Williams
Alvar Ayala
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiffs' Attorneys

14